1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9    Martiniano Romero,                    )    No. CIV-05-1442-PHX-MHM
                                           )
10                  Plaintiff,             )    **ORDER**
                                           )
11   vs.                                   )
                                           )
12                                         )
     Sheriff Joseph M. Arpaio,             )
13                                         )
                    Defendants.            )
14                                         )
                                           )
15   _____      )

16          Currently before the court is Plaintiff's pro se prisoner civil rights complaint. (Dkt.

     #1).   The matter was referred to Magistrate Judge Mark E. Aspey for Report and
17
     Recommendation. On October 6, 2005 Magistrate Judge Aspey filed his Report and
18
     Recommendation with this Court. (Dkt. #10).  Plaintiff failed to file any objections.
19
                              **STANDARD OF REVIEW**
20
            The Court must review the legal analysis in the Report and Recommendation de novo.
21
     See 28 U.S.C. § 636(b)(1)(C).  The Court must review the factual analysis in the Report and
22
     Recommendation de novo for those facts to which Objections are filed.  "Failure to object
23
     to a magistrate judge's recommendation waives all objections to the judge's findings of fact."
24
     Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).
25
     ///
26
     ///
27
     ///
28

1

**DISCUSSION**

2          Plaintiff filed with the Clerk of the Court on May 17, 2005 a pro se prisoner civil

3     rights complaint pursuant to 42 U.S.C. § 1983. Dkt. #1.  On June 28, 2005, the Court granted

4     Plaintiff's application to proceed *in forma pauperis,* directed Plaintiff to serve Defendants,

5     and advised Plaintiff failure to comply with the Court's orders would result in dismissal

6     pursuant to Rule 41(b).  Plaintiff has failed to comply with this Court's order requiring

7     Plaintiff to complete service of process by September 13, 2005.  Additionally, Plaintiff failed

8     to comply with Judge Aspey's June 28, 2005 order directing Plaintiff to show cause why this

9     matter should not be dismissed by September 23, 2005.

10          In his Report and Recommendation, Judge Aspey recommends the Court dismiss

11     Plaintiff's Complaint without prejudice for failure to prosecute and failure to follow the

12     Court's orders.  In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme

13     Court recognized that a federal district court has the inherent power to dismiss a case *sua*

14     *sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules

15     of Civil Procedure appears to require a motion from a party.  Moreover, in appropriate

16     circumstances, the Court may dismiss a complaint for failure to prosecute even without

17     notice or hearing.  Id. at 633.

18          In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,

19     the Court must weigh the following five factors: "(1) the public's interest in expeditious

20     resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

21     the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

22     availability of less drastic sanctions."  Carey, 856 F.2d at 1440 (quoting Henderson v.

23     Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the

24     imposition of sanctions in most cases, while the fourth factor cuts against a default or

25     dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."

26     Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

27          Here, the first, second, and third factors strongly favor dismissal of this case.  Since

28     June 29, 2005, Plaintiff has taken no further action to prosecute his case.  The fourth factor,

1    as always, weighs against dismissal.  The fifth factor requires the Court to consider whether

2    a less drastic alternative is available.  The Court finds that only one less drastic sanction is

3    realistically available.  Rule 41(b) provides that a dismissal for failure to prosecute operates

4    as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise

5    specifies."

6        The Complaint and this action will therefore be dismissed without prejudice pursuant

7    to Rule 41(b) of the Federal Rules of Civil Procedure. Having reviewed the Report and

8    Recommendation of Magistrate Judge Aspey, the Court concludes that Plaintiff's Complaint

9    should be dismissed without prejudice.  The Court hereby incorporates and adopts Magistrate

10    Judge Aspey's Report and Recommendation.

11        **Accordingly,**

12        **IT IS HEREBY ORDERED** that the Court adopts Magistrate Judge Aspey's Report

13    and Recommendation. (Dkt. #10).

14        **IT IS FURTHER ORDERED** that the Complaint and this action are dismissed

15    without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure

16    to prosecute. (Dkt. #1).

17        **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter

18    judgment accordingly.

19        DATED this 8th day of November, 2005.

20

21

22

23        Mary H. Murguia
        United States District Judge

24

25

26

27

28

- 3 -